UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER REGAN and ) <br> NORTHWEST INDIANA CREATIVE ) <br> INVESTORS ASSOCIATION, INC. ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> CITY OF HAMMOND, INDIANA ) <br>     Defendant ) | Case No.: |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## Introduction

This lawsuit challenges a code section of the municipal code of the City of Hammond, Indiana that prohibits any person to engage in the business of a building contractor in the city without having a license, but carves out an exception to the licensing requirement for Hammond-domiciled owners to do building contracting in their own private homes and surrounding property.  This ordinance is not rationally related to any legitimate government interest in violation of the Fourteenth Amendment to the United States Constitution and it discriminates on its face against interstate commerce by treating Hammond-domiciled property owners more favorably than non-Hammond-domiciled property owners violating the "dormant" Commerce Clause.  Consequently, plaintiffs are entitled to declaratory and injunctive relief.

## Jurisdiction, Venue and Cause of Action

1)   This Court has jurisdiction of this cause under 28 U.S.C. §§ 1331, 1343.

2)   Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201, 2202.

3)   Venue is proper in this judicial district under 28 U.S.C. §1391.

4)   Plaintiffs bring this action under 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

## Parties

5)   Christopher Regan owns real property in the City of Hammond that he leases or rents and is a domiciliary of Cook County, Illinois.

6) The Northwest Indiana Creative Investors Association, Inc. ("NICIA") is an Indiana non-profit corporation acting as a trade association for real estate investors who own real property in Hammond that they lease or rent.

7) The City of Hammond is a municipality located in Lake County, Indiana.

## Factual allegations

8) Plaintiff Christopher Regan and members of the NICIA are not licensed building contractors in the City of Hammond.

9) The challenged codes are Hammond Municipal Code (hereinafter "HMC") §150.017, previously known as HMC §150.07, and HMC §150.015, previously known as HMC §150.05, originally enacted by way of Ordinance No. 3456 and subsequently amended.

10) HMC §150.017 provides for the following:

> It shall be unlawful for any person to engage in the business of a building contractor in the city without having a license.
> (A) (1) A contractor who repeatedly performs work without obtaining a permit shall be fined in accordance with the provisions set forth in § 150.999 and, in addition, shall be required to appear before the Building Contractors Board for a hearing on his or her contractor's license.
> (2) No licensed contractor shall obtain a permit for any individual not directly employed by his or her company.
> (3) No licensed contractor may construct additional living quarters in the basement/attic/garage of any residential structure unless the construction complies with the city building, zoning and fire codes.
> (4) No licensed contractor may perform work outside the scope of his or her license.
> (5) Licensed contractors must use only licensed subcontractors and must provide a vendor list upon demand.
> (6) Temporary licenses shall only be granted to unlicensed contractors by the Building Department upon a showing of good cause.
> (B) Nothing contained in this subchapter shall prohibit the resident homeowner of a private residence from doing building contracting in his or her own private home and surrounding property, providing he or she resides there, is able to establish proof of residency, and is in compliance with all requirement tests and regulations provided by law and this code. Falsification or misidentification of residency is a violation of this section and is subject to penalty as set forth in § 150.999. A resident homeowner excluded under this section acts as his or her own contractor and assumes all responsibility for work done. All work must be done in a workmanship manner and there must be compliance with all codes and laws. If the owner of the property chooses to hire a contractor, such contractor must be licensed in the city.
> (C) Licensed contractors are responsible for ensuring that all employees and licensed subcontractors carry proper identification at all times. Should an employee not have proper identification, the contractor shall be in violation of this section. Repeated violations will require an appearance before the Contractor Board. If the property owner is acting as the contractor, all

employees, subcontractors and workers shall also carry proper identification to ensure the safety and protection of surrounding property owners.

11) HMC §150.015 defines Building Contractor as used in HMC §150.017 as follows:

> **BUILDING CONTRACTOR**. Shall mean and include any person, as principal, who for a fixed sum, price, fee, percentage or other compensation shall build, construct, alter, repair, add to or erect any building or structure with the city, or who shall undertake or perform any said acts and shall include the following:
>   (1) Any company, corporation, partnership, individual, who performs the work as a business;
>   (2) Any person or persons who own a building that they lease or rent;
>   (3) Any person or persons who own property that they wish to develop;
>   (4) Any entity as described above who in whole or in part contracts or subcontracts to build a garage to house automobiles or related equipment; and
>   (5) Exceptions:
>     (a) Individuals who remodel the single family residence in which they reside; upon review and inspection(s) by the Building Commissioner;
>     (b) Plumbing, electrical and other specialized trades for which other special license is required; and
>     (c) Persons performing any of the work described in the above definitions when the total value of labor and material does not exceed $300.

12) HMC §150.017 purports to regulate any person who for compensation remodels or repairs any building in the City of Hammond, but the plaintiffs desire no compensation to remodel or repair buildings they own.

13) As a result of HMC §150.015 defining "Building Contractor" to include "[a]ny person or persons who own a building that they lease or rent," the plaintiffs are prohibited from remodeling or repairing their own real property.

14) Notwithstanding the foregoing, HMC §150.017 exempts resident homeowners of a private residence from the requirements of being a licensed building contractor.

**Count 1 – Violation of "dormant" Commerce Clause**

Paragraphs 1 through 14 of the Complaint are hereby re-alleged as if fully set forth herein.

15) HMC §150.015 and §HMC 150.017 discriminate against out-of-state and non-Hammond-domiciled real property owners and places an unlawful burden on interstate commerce in violation of the "dormant" Commerce Clause of the United States Constitution.

16) HMC §150.017 further discriminates against out-of-state and non-Hammond-domiciled real property owners by creating a special exemption for Hammond-domiciled real property owners.

17) The plaintiffs have been and continue to be injured by the enforcement of HMC §150.015 and HMC §150.017.

### Count 2 – Fourteenth Amendment – Equal Protection of Law

Paragraphs 1 through 17 of the Complaint are hereby re-alleged as if fully set forth herein.

18) Requiring similarly situated persons who own a building that they lease or rent to be licensed building contractors before they can remodel or repair their real property while at the same time exempting owner-occupant Hammond residents is not rationally related to any legitimate governmental interest.

19) The Defendant, its agents, and its employees, acting under color of law, violate plaintiffs' right to equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

20) As a direct and proximate result of defendant's application of HMC §150.017 and HMC §150.015, the plaintiffs have no other adequate legal, administrative or other remedy by which to prevent or minimize the continuing irreparable harm to their constitutional rights.

21) Unless defendants are enjoined from committing the above-described constitutional violations of the Fourteenth Amendment, Plaintiff and others similarly situated will continue to suffer great and irreparable harm.

WHEREFORE, the plaintiffs request this Court:

A) Declare HMC §150.015 and HMC §150.017 unconstitutional;

B) Enter a preliminary injunction, to be made permanent, enjoining the City from enforcing HMC §150.015 and HMC §150.017;

C) Award plaintiffs their costs and reasonable attorney's fees under 42 U.S.C. §1988; and,

D) Award all other proper relief.

By:  /s/ Jonathan Petersen                          By:  /s/ Natasha A. Burkett
    Jonathan Petersen                                   Natasha A. Burkett
    (Attorney # 26893-45)                              (Attorney # 28842-64)
    1544 45th Avenue, Suite 3                         1544 45th Avenue, Suite 3
    Munster, IN 46321                                      Munster, IN 46321
    Office:    (219) 803-4550                             Office:    (219) 628-3563
    Facsimile:  (219) 933-6557                          Facsimile:  (219) 933-6557
    jpetersen@attorneypetersen.com            natashaburkett621@gmail.com

    Attorney for Plaintiff                                    Attorney for Plaintiff